Okay, our last case today is People v. Nixon. That is case number 4150338. For the appellant, we have Alan Andrews. And for the appellee, we have Linda McLean. As you can see, our third panelist is not here today. That is Presiding Justice Connick. He cannot be here, but has read the briefs and other materials. He will listen to the audio recording and he will fully participate in the ultimate decisions this court makes. Having said that, Mr. Andrews, you may proceed. Thank you. May it please the court, counsel, my name is Alan Andrews. I represent Mr. Nixon in this proceeding. This case was first before this court because no 604D certificate was filed and it was remanded for new proceedings. It is back after the remand with a bad 604D certificate. There is no dispute over that. It is phrased or rather than and. The only dispute in this appeal is whether or not a second remand for filing of a proper 604D certificate would be an empty and wasteful formality. I would say that that would be a pretty easy standard for the defense to show that it is not going to be an empty and wasteful proceeding. It would not be, most notably, because the attorney in this case who represented Mr. Nixon in the prior remand proceedings had a conflict of interest. In the remand, Mr. Nixon alleged he was entitled to withdraw his guilty plea because his trial attorney had been ineffective for a number of reasons. He also alleged that he was entitled to a reduced sentence, most notably because the court had relied on a non-existent federal firearms conviction. At this hearing on the remand, the one subject to the appeal, Mr. Nixon was represented by the same lawyer who represented him at the guilty plea and sentencing proceedings. There is no question that Mr. Nixon had the right to counsel at these post-plea proceedings and that includes the right to a conflict-free counsel. Here, counsel had a conflict of interest because he presented evidence that refuted Mr. Nixon's claims. He defended himself rather than acting as Mr. Nixon's advocate. The most notable dispute between Mr. Nixon and counsel at these remand proceedings concerned Mr. Nixon's claim that counsel had never visited him before trial to go over the evidence of the case and to develop a strategy. Therefore, Mr. Nixon, not knowing what was going on, fearing there was no strategy, the counsel was unprepared, decided to plead guilty and his plea was therefore involuntary. This and other allegations made defense counsel rather defensive. He told the court quite bluntly, I'm in a tough position because I felt like because of the allegations I'm forced to defend myself. In defending himself, counsel attempted to refute the claim that he had not gone over the evidence with Mr. Nixon, but it seems that counsel really misunderstood the claim. He didn't seem to understand that Mr. Nixon was saying, look, you never discussed the discovery with me, you never tried to formulate a defense with me. He apparently believed that Mr. Nixon was claiming simply that he never had the chance to see the discovery at all. So defense counsel questioned Mr. Nixon at the remand proceedings about a document that purported to show that Mr. Nixon had seen the discovery while he was in jail. And he specifically asked Mr. Nixon, so it's not your signature on the line that says you've seen the reports themselves? And Mr. Nixon said, you know, I didn't sign any document. But that's a minor point. What happened then is shortly thereafter, the court, being alerted that this document, asked counsel if he could produce the document. Counsel eventually found it, marked it as Defendant's Exhibit No. 1, and admitted it into evidence, hoping to prove that Mr. Nixon indeed had seen his discovery. Defense counsel didn't merely introduce this evidence anemical to his client's position. He also told the court flat out, it's my position that Mr. Nixon did see his discovery. The questioning on this subject between counsel and Mr. Nixon was so tense that the court intervened and said, look, you're not supposed to turn this into an argument between you and Mr. Nixon. I mean, in one sense, none of this really matters, because nothing that counsel did concerning whether Mr. Nixon had ever seen the discovery really had anything to do with Mr. Nixon's claim that he'd never gone over the discovery with trial counsel. I mean, it didn't matter if Mr. Nixon had seen the discovery from some lawyer who didn't conduct his defense. But the point is that the defect, when you have an actual conflict of interest, you've got to show a defect, an actual defect in counsel's strategy or tactics. And I think what we have here is a huge defect, where counsel is at least attempting to shoot down his client's claims rather than advance them. So the fact that trial counsel, plea counsel's efforts to defeat Mr. Nixon's claims were ineffective doesn't matter. Anybody who watched this proceeding in court, anybody from the public, would realize that Mr. Nixon was not being represented by a zealous advocate. He was being opposed by his own attorney. Well, the point about the discovery, going over the discovery, was the most obvious point. That wasn't the only one. Counsel also asked questions to discredit claims that he hadn't investigated an alibi. You know, he said, I asked you about an alibi and Mr. Nixon said no. Counsel never argued that any of Mr. Nixon's claims had merit. It was very tepid at best. He argued that Mr. Nixon feels that he was not fairly treated by myself or the court. Mr. Nixon wants to withdraw his claim, not that Mr. Nixon should be able to. And he told the court, this court should allow him to do that if that's what the court deems necessary. That's not advocacy. That's, you know, really blatant, passive, tense speaking. Counsel didn't even attempt to argue the claims raised in the post-sentencing motion, which I said most notably was Mr. Nixon contending that he did not, in fact, have a federal firearms felony conviction. Counsel seemed to have forgotten that that motion had even been filed. When it was pointed out to him, the only thing he said is that Mr. Nixon's sentence is excessive in light of his criminal record, which has nothing to do with the claim of whether or not the criminal record was incorrect. Now, at least one court has held that a lawyer can't represent a defendant in a post-plea motion where the lawyer's ineffectiveness has been alleged. You know, here at least, whether or not you adopt that rule, we see what that court was concerned about. It's clear here that just based on public perception of what happened, a remand in this proceeding would not be an empty and wasteful formality. For that reason, I would be asking that this court remand the cause for the filing of a new 604D certificate, a proper one, appointment of different counsel, because it's obvious that current counsel has a conflict of interest and cannot represent Mr. Nixon on any remand, and asking for a remand. I would ask for any further proceedings in the trial court pursuant to any motions new counsel might choose to file. Unless there are any questions, I would stand on my brief concerning issues 1, 3, and 4. Thank you. Thank you. You'll have rebuttal if you choose. Ms. McClain, go ahead, please. Thank you, Mr. Chief Justice, clerk, counsel. The state is maintaining that this should not go back for another 604D certificate. While there was error in the one filed by defense counsel, defendant had a full and fair opportunity to raise his claims, and another remand is not required, absent a good reason to do so, and there is no good reason in this case. Without going through all of the hearings held below, there were three crankle hearings specifically addressing defendant's contentions of ineffective assistance to counsel. Two times defendant was allowed to testify, and two times defendant was allowed to speak, asked by court or counsel what issues the court had not yet addressed. So everything was covered below, and he's had multiple opportunities to present his claims to the court, and so we're maintaining that this case should not be remanded for another hearing. Well, counsel is saying that while things may have been covered below, they were done in a procedurally erroneous manner, that there was either per se or an actual conflict of interest. What do you say about the actual conflict of interest argument? What happened is, pre-remand for the 604D certificate, at a pre-inquiry hearing, May 16, 2014, counsel told the court, he's talking in regards to a pro se motion of ineffective assistance to counsel, as far as Mr. Nixon seeing the police reports in that, my records indicate that on September 20, 2012, he saw all of the police reports, all of the police reports, and he saw all of the police reports. I took this case over in June of 2013, after he had seen the police reports, and I thought he had seen all the stuff. Mr. Nixon had viewed all of the things according to the records of the jail. It's marked red, and I have the jail logs. Subsequent to that presentation, the court found that the defendant's claim of ineffectiveness was baseless. So he keeps raising this issue. At the April 29, 2015 hearing on defendant's amended motion to withdraw a guilty plea, the defendant was asked, what allegations have not been addressed? And that counsel had never shown him discovery came up again. So the defendant had been called to testify. So this has already been addressed. The court has already ruled the issue baseless. At a hearing a year later, he says the same thing. So counsel asks him, don't you remember seeing the police report with the other attorney, and wasn't that your signature? And so the defendant and counsel kind of had a point where the court said, finally, counsel, go find that piece of document for me. Get it out of your files. So counsel was acting at the direction of the court to find the document, and when the court asked him, does that document say that he read the discovery? And counsel replied, truthfully, yes it does. I mean, what more can he ask of counsel? I'm not sure. I mean, that was a, he's supposed to zealously represent his client, and also truthfully answer the court. And the fact that he was, like, defending himself for ineffective assistance to counsel in the meantime is just, like, what happened? And I think that, so we are maintaining, the state's maintaining a remand on that. You know, that discourse right there is not even warranted because that claim had even been considered by the court a year earlier and found to be baseless. So the court was directing the counsel to come up with a document and said, doesn't that mean your client saw the discovery and counsel said yes, truthfully. As for the alibi, alibi at that final hearing, defendant was asked what issues have not been addressed by the court. And the defendant testifying said, well, you never did ask me about my alibi. And defense counsel kind of got into it with the questioning and said, defense counsel asked, isn't it true that I asked you about your alibi and you didn't want to talk about it? And defendant did not answer. So prosecutor later subsequently questioned about the alibi witness and defendant admitted that he had been apprehended alone, but he had told him, told the police he had been at a female's house nearby. And when the court ruled on that, the court found that defendant did not name the alibi witness, how he would have helped at trial, he made, the court found that the alibi witness may not have been credible and might have undermined the defense theory. And the defense theory had, according to the defendant, would have been mistaken identity. So we would argue that there was no actual conflict of interest, that any conflict did not adversely affect the counsel's performance and this should not be remanded for that reason. As for the non-existent federal conviction, the record refutes this claim. At the June 2, 2014 hearing on defendant's motion to withdraw plea and motion to reduce sentence, defendant was put on the stand, he disputed the facts surrounding the conviction, but not the conviction. So the court denied that motion to reduce sentence and that was pre-remand. So that issue had been solved prior to the remand for 640 certificate and I believe it's baseless also. Are there any other questions? I don't see any, thank you very much. Thank you. Mr. Andrews, do you have any rebuttal? This court remanded the cause for a reason to make sure that Mr. Nixon would get a fair hearing on his motion to withdraw his plea. I mean, that's what the 604D certificate is supposed to guarantee and I can't imagine that what happened here is what this court contemplated happening when it remanded it. The state keeps claiming that this claim has been addressed previously. It has not. Again, the claim is not whether Mr. Nixon saw the discovery at some point in the past, although he denies that he did. The claim is that he never went over the evidence, his trial attorney never discussed the case with him to formulate a defense. That has never been addressed. Sure, they talked about whether or not he'd seen discovery at some prior time and the hearing was in volume 23, but this claim has never been addressed. I mean, can you imagine a state's attorney that didn't talk to the police, how well that would go over? You know, it's substandard performance and it needs to be resolved. The state points out or claims that counsel was acting at the court's behest. That's an inaccurate description of what happened. The court was only able to ask counsel about this document because counsel himself first brought it up in an effort to prove that his client's claim was no good. The court did not say, hey, counsel, do you have that paper? He only said that after counsel revealed the existence. So the court didn't ask counsel to produce this paper. Counsel had already done that. Counsel had already acted against Mr. Nixon's interest by the time the court became involved. Now, again, would this be an empty and wasteful formality? No, I don't think so. Even if the only point was to show the observers of court proceedings in this state that the right to counsel means an attorney that's going to defend you, not one that prosecutes you. Thank you. Okay, thanks to both of you. The case is submitted. The court stand will recess until further call.